TRAUTMAN, Respondent, v. COFFMAN, et al., Appellants.

(166 N. W. 150.)

(File No. 4119. Opinion filed January 18, 1918.)

**1. Contracts—Locating on Government Homestead, Services for, Compensation—Fraudulent Representations Re Procuring Relinquishment—Compensation, Measure of—Presumption Re Facts.**

Where plaintiff, seeking an entry under federal homestead laws, and knowing that relinquishments of prior entries on government land could be bought which would enable them to get government homesteads, but was ignorant as to procedure, and defendants advised him that they had a relinquishment which could be bought, and represented to plaintiff that a widow who held a soldier's declaratory on certain land wanted $325 for relinquishment thereof and that they, defendants, would not handle the land for less than $100, and would sell it to plaintiff for $425, which proposition was accepted by plaintiff; plaintiff thereafter learning that defendants never had the relinquishment of said land, that the only prior filing thereon was a soldier's declaratory which had long expired and that the land was open to filing and settlement without relinquishment, and having demanded the return of moneys paid defendants which was refused, whereupon suit was commenced; defendants having testified that nothing was said about a relinquishment, but that they agreed to and did locate plaintiff upon and procured valid filing for him upon the land, for which plaintiff agreed to and did pay them $425; **held,** that verdict having been in favor of plaintiff, for purposes of the appeal Supreme Court will assume that plaintiff's version of the transaction was true, that he paid defendants $325 for a supposed relinquishment, and $100 for services in handling the land.

**2. Same—Locating Government Homestead, Compensation For— Fraudulent Representations Re Relinquishment—Instructions, Assuming Fraud Re Whole Transaction—Error.**

Where in a suit to recover $325 paid by plaintiff to defendants for a supposed relinquishment of a government homestead, and $100 paid defendants for services in handling the land and placing plaintiff's entry thereon, plaintiff claiming that defendants fraudulently represented that they were selling him for $325 a widow's relinquishment of a soldier's declaratory upon the land, plaintiff having paid defendants $100 additional for services in handling the land, when in fact no relinquishment was procured, but the land was subject to homestead filing and plaintiff's entry was procured by defendants without any relinquishment, and trial court instructed jury that if defendants made the representations concerning relinquishment, and plaintiff relied thereon and believed he was paying $325 for one, and $100 for defendants' services in locating and procuring plaintiff's filing, the whole transaction would be tainted with fraud, and defendants would be entitled to nothing for their services, and that plaintiff should recover full amount claimed, held, that said instruction was erroneous; since no fraud or deceit was practiced on plaintiff, except the representation that defendants were selling him a relinquishment for $325; for which sum plaintiff was entitled to a return; that plaintiff understood he was paying $100 for services in "handling the land," as to which item there was no fraud or deceit, and plaintiff was not entitled to return of said amount; construing Civ. Code, Sec. 1292.

3. Damages—Wilful Deceit, Damages For, Measure of—Theory of Compensation—Statute.

Under Civ. Code, Sec. 1292, providing that one who wilfully deceives another with intention to induce him to alter his position to his injury or risk is liable for any damage he thereby suffers, which statute defines actionable deceit, held, that the right to damages for deceit, as in other tort actions, is founded upon theory of full compensation for injury sustained.

4. Same—Wilful Deceit, Measure of Damages—Contract, Assumption That It Remains In Force.

In a deceit action, the contract is assumed to remain in full force and effect, and the damages recoverable are those flowing from the changed condition of the parties induced or brought about by the deceit; construing Civ. Code, Sec. 1292.

5. Same—Wilful Deceit—Damages, Whether Penal or Compensatory.

The statute (Civ. Code, Sec. 1292) entitling one to damages for deceit, is not penal but compensatory.

6. Costs—Excess Judgment Below—Election to Remit Excess, Costs, How Taxed.

Where, on appeal to Supreme Court, an excess judgment below is ordered modified by remitting the excess, with a provision that if respondent so elects, judgment below as modified

is affirmed, and no costs of appeal shall be taxed, the taxation of costs should await such election; in default of which election, new trial will be granted with costs of appeal in favor of appellants.

Whiting, P. J., and McCoy, J., dissenting in part.

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Herbert S. Trautman, against Mart Coffman and Chas. Owen, co-partners as Coffman & Owen, to recover moneys paid by plaintiff to defendants for securing a government homestead filing and a pretended relinquishment of a former entry thereon. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Judgment modified, and as modified, affirmed.

*N. D. Burch,* for Appellants.

*E. O. Patterson,* for Respondent.

(2) To point two of the opinion, Respondent cited:

31 Cyc. 1498-1499; Hindle v. Holcomb, 75 Pac. 873.

SMITH, J. Plaintiff and one Schoener, residents of Pennsylvania, came to Tripp county, for the purpose of securing government homesteads. They met one of defendants on the train and learned that he was engaged in locating settlers on government lands and lived in Dallas. On their arrival at Dallas they went to his office and met both defendants. Both plaintiff and his companion knew that relinquishments of prior entries on government land could be bought which would enable them to get government homesteads, but were entirely ignorant as to the procedure, and of the rules and practices in the United States Land Office. Defendants advised them that they had relinquishments which could be bought , and after showing them various tracts of land, sold them relinquishments. Some two years later, after having filed and located on the land, plaintiff learned that defendants never had a relinquishment of any former filing on his land; that the only prior filing thereon was a soldier's declaratory which had long expired; and that the land was open to filing and settlement without any relinquishment. He thereupon demanded a return of the money paid defendants, and upon refusal instituted this action. At the trial plaintiff testified that defendants first asked $650 for this quarter, but after further negotiations one. of the defendants said:

"The parties and the widow that have the place want $325 for the relinquishment, and we would not handle that land for less than $100. If you give me $425 I will sell it to you; that $325 was to be for the relinquishment and the $100 for the handling of the land."

That defendant Owen said:

"We would not handle this land for less than $1 an acre, but being there is two of you we will handle it for $200—$100 apiece. * * * It was mentioned it was a widow, a soldier's declaratory; a relinquishment for her * * * that they had to pay $325 for the relinquishment."

Plaintiff accepted this proposition. One of the defendants then took plaintiff to the land office at Gregory and he made an entry and filing upon the land and paid defendants $425.

The only contention of defendants at the trial was, and they so testified, that nothing was said about a relinquishment, but that they agreed to, and did, locate plaintiff upon the land and procured a valid filing thereon, for which the plaintiff agreed to pay and did pay them $425. The cause was submitted to a jury upon the issue raised by this conflict in the evidence. The jury returned a verdit for plaintiff for $425, and interest.

[1, 2] For the purposes of this appeal we must assume that plaintiff's version of the transaction was true, and that plaintiff paid defendants $325 for a supposed relinquishment, and $100 for services in handling the land. The trial court instructed the jury as follows:

"There is only one question in this case, and that is: Did the defendants make the representations testified to by plaintiffs? If they did make such representations, and the plaintiff relied upon them, and believed that he was paying $325 for a relinquishment, and $100 for the services of defendants in locating and procuring the filing on the land in question for the plaintiff, the whole transaction would be tainted with fraud, and the defendants would be entitled to nothing for their services, and you should give the plaintiff the full amount claimed."

—which instruction was excepted to and is assigned as error. This instruction was clearly erroneous. No fraud or deceit was practiced upon plaintiff by defendants, except the representation that they were selling him a relinquishment for $325. Upon the

facts found by the jury, plaintiff was clearly entitled to a return of this sum, with interest. But plaintiff knew and understood that he was paying $100 for services in "handling the land"—showing him the land and assisting him in obtaining a valid filing thereon. As to the latter sum, an entirely distinct item, there was no fraud or deceit, and plaintiff received the full benefit of such services, and was not entitled to a return of the amount paid therefor. Section 1292, Civil Code, provides:

"One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damages which he thereby suffers."

This section defines actionable deceit.

[3, 6] The instruction complained of expressly assumes the facts which were shown by the evidence, viz. that $325 was paid by plaintiff for the supposed relinquishment, and that $100 was paid for the services of defendants in locating the plaintiff and procuring his filing on the land. The error is in that part of the instruction which relates to the measure of damages. The right to damages for deceit as in other tort actions is founded upon the theory of full compensation for the injury sustained. In a deceit action the contract is assumed to remain in full force and effect. The damages which are recoverable are those flowing from the changed condition of the parties induced or brought about by the deceit. Applying this rule to the facts in this case, we have the following situation: Plaintiff was induced to part with $425, for which he was deceitfully induced to believe he was receiving two things, namely, a relinquishment of the agreed value of $325, and the services of defendants of the agreed value of $100, in locating and procuring a filing upon the land. In fact plaintiff did receive everything he was led to believe he was receiving, except only the relinquishment, which he did not receive, for the reason that it had no existence. He did receive the services of defendants, which were of an undisputed value. Certainly he was not damaged by the deceit of defendants in an amount greater than the agreed value of the relinquishment which he did not receive. No fraud or deceit was practiced upon plaintiff by defendants in any respect, except that they were selling him a relinquishment which had no existence for $325. The statute which entitles one to damages for deceit is not penal, but compensatory. Because of

error in this instruction, the judgment must be reversed and a new trial ordered, unless plaintiff shall elect in writing filed with the clerk of this court, within 30 days after the filing of the opinion herein, to remit $100, with interest at 7 per cent. from October 1, 1910, and consent to accept judgment for $325, with interest from said date, in lieu of his present judgment. In case respondent so elects the judgment of the trial court, as modified, is affirmed, and no costs of appeal shall be taxed. Taxation of costs shall await such election. Should respondent refuse or fail so to elect, a new trial will be granted, and costs of appeal will be taxed in favor of appellants.

WHITING, P. J., and McCOY, J. (dissenting in part.) As this transaction was represented to, and understood by, plaintiff, no part of the $325 was to pay defendants for their services in procuring the so-called relinquishment. They understood the $325 was the amount which the holder of the filing charged for the relinquishment. It follows that it was the understanding on the part of plaintiff that the $100 covered not merely defendants' charges for services which they led plaintiff to believe they were rendering him in negotiating for and procuring the so-called relinquishment. The decision in this case should therefore be based upon the proposition that there was fraud in this transaction not only as to $325 of the consideration paid, but also as to the remaining $100.